## WRIGHT *v.* THE STATE.

Indictment for murder. Trial, and verdict that the prisoner was "guilty of an assault and battery, and that he be fined," &c.

*Held,* that the verdict was a nullity, and was equivalent to a verdict of acquittal.

*Held,* also, that the indictment still continued against the prisoner, and that the proper mode of procuring his discharge, was by motion that he be discharged.

*Held,* also, that the prisoner was not entitled to the writ of *habeas corpus.*

*Friday,
December* 21.

PETITION for the writ of *Habeas Corpus.*

STUART, J.—It is alleged that *Wright* is illegally restrained of his liberty by the sheriff of *Johnson* county, on a charge of murder, for which he stands indicted in the *Johnson* Circuit Court. It appears that he was put upon trial and tried by a jury of that county. The verdict returned was, in substance, "guilty of assault and battery,

and that he be fined 1,000 dollars." Thereupon, *Wright*, by counsel, moved in arrest of judgment. The Court overruled the motion, and rendered judgment on the verdict. *Wright* appealed to this Court, and the judgment below was reversed. 5 Ind. R. 527. We then held that the verdict was a nullity; that the defect could be reached by motion in arrest; that the indictment was good, and that it still stood against him undisposed of on the record. Thus far is unquestionably the law. 5 Ind. R. 290, and the authorities there cited.

At the time the case was before us in the form above indicated, *November* term, 1854, the very question now raised by this petition was pending, and received protracted consideration in a case from *Elkhart* county. *Wright* v. *The State*, 5 Ind. R. 290. What embarrassed us was the form in which the *Johnson* county case of the same name was presented. We could not divine the object of the motion in arrest. We searched the record under that motion, and declared the verdict vicious and the indictment good. But we permitted ourselves to be embarrassed with the object of this motion. Perhaps *Wright* might be conscious of innocence, and wished a new trial which should result in a clear verdict of not guilty. With great hesitation and wavering, as the language implies, it was intimated that, perhaps, he was entitled to a *venire de novo*.

It is always a delicate matter for a Court to suggest. We may not be able to appreciate the object which counsel have in view. We might do them great injustice by suggestion. Hence, the desire of the Court to harmonize the peculiarity of the case, with what seemed to be the intention of counsel in bringing it here.

Wherein we erred before was in saying anything on that point; or if we did say anything, in not saying in so many words that the proper step would have been to move, not in arrest of judgment, but to discharge the prisoner; treating the verdict as equivalent to an acquittal. Had the case been before us on that motion, the same conclusion must have followed as in the case from *Elkhart*

county. The trial clearly put him in jeopardy once. *Vide Wright* v. *The State*, 5 Ind. R. 290, and the authorities there cited. *Weinzorpflin* v. *The State*, 7 Blackf. 186. Our conclusion in the case before us when first here, that "the indictment was good, and that it still stood against him," was exactly the law. In the case from *Elkhart*, 5 Ind. R. 290, *supra*, it was held that "though the discharging the jury was equivalent to a verdict of acquittal, yet as the case was not finally disposed of, and as there was no release of the prisoner by any judgment of the Court, he must be regarded as in custody under the indictment."

While the case is still pending in the *Johnson* Circuit Court, we have no jurisdiction. 2 R. S. 195–6. The prisoner is clearly entitled to his discharge; but the motion to that effect should be made in the Court where the indictment is pending. 5 Ind. R. 290.

*Per Curiam.*—The petition is overruled.

*F. M. Finch* and *H. O'Neal*, for the petitioner.

*R. A. Riley*, *N. B. Taylor* and *J. Coburn*, for the state.