THE STATE OF NEBRASKA, PLAINTIFF IN ERROR, V. ERNEST SHUCHARDT, DEFENDANT IN ERROR.

1.  Criminal Law: FAILURE OF JURY TO AGREE ON VERDICT. The authority of a judge of the district court in the trial of a criminal case to discharge the jury in the event of disagreement, without the consent of the prisoner, can only be exercised after the jury have been in consultation for so long a time that there is no reasonable probability that they will agree.

2.  ———: ———. Where a cause was submitted to the jury at 7 o'clock P.M., and the jury at 6 A.M. next day reported to the judge that they were unable to agree, and were discharged by him without the consent of the prisoner, or notice to him or his attorney; *Held*, That the discharge of the jury was unauthorized, and the prisoner was entitled to be released.

3.  ———: ———. Where a jury in a criminal case is discharged for any of the causes mentioned in section 485 of the Criminal Code, the record must show the necessity for such discharge.

BILL OF EXCEPTIONS filed by district attorney under provisions of Sec. 515, Criminal Code.

*Guy R. Wilbur* and *W. F. Bryant,* for plaintiff in error.

*T. M. Franse,* for defendant in error.

MAXWELL, J.

At the November term of the district court of Cuming county the defendant was indicted for an attempt to kill one John Melder. A plea of not guilty was entered by the defendant, and a trial had, the cause being submitted to the jury on Saturday, December 1st, 1883, at about 7 o'clock P.M. About 6 o'clock on Sunday morning the jury reported to the judge that they were unable to agree, whereupon he discharged them, without notice to or the consent of either the defendant or his attorney, and in the absence of both. The journal entry in regard to the disagreement of the jury is as follows:

"And on this 2d day of December, said jury returned into court and reported that they were unable to agree, whereupon said jury were discharged by the court." The defendant filed a plea in abatement, setting up the above facts, and issue was joined thereon, and testimony taken. The court found the issues in favor of the defendant, and discharged him. A writ of error was allowed on the application of the district attorney, and the cause is now submitted to the court. The question for determination is, has the defendant been once in jeopardy? Sec. 485 of the Criminal Code provides that, "in case a jury shall be discharged on account of sickness of a juror, or other accident or calamity requiring their discharge, or after they have been kept so long together that there is *no possibility of agreeing*, the court shall, upon directing the discharge, order that the reasons for such discharge shall be entered upon the journal; and such discharge shall be without prejudice to the prosecution." When a jury is impaneled the state must proceed with the prosecution. There can be no non-suit as in civil actions. If the accused cannot be convicted he is entitled to a verdict of acquittal. And if, after the jury has been sworn and the jeopardy thus begun, the court without sufficient cause discharges them, without a

verdict, this in law is equivalent to an acquittal.   1 Bish. Cr. Proc. (3d Ed.), § 821.    *Wright v. State*, 7 Ind., 324. *Reese v. State*, 8 Id., 416.    *Morgan v. State*, 13 Ind., 215. *People v. Barrett*, 2 Caines, 304.    *McCawley v. State*, 26 Ala., 135.    *Poage v. State*, 3 O. S., 229.

In the case cited last it is said (page 239): "That the power to discharge is a most responsible trust, and to be exercised with great care, is too obvious to require illustration."   It is a discretion, said Mr. Justice Story, to be exercised only "under very extraordinary and striking circumstances."    2 Gall., 364.   "The power," said the same judge, "ought to be used with greatest caution under urgent circumstances, which would render it proper to interfere."    *U. S. v. Perez*, 9 Wheat., 579.   "I am of the opinion," said Chief Justice Spencer, "that although the power of discharging a jury is a delicate and highly important trust, yet that it does exist in cases of *extreme and absolute necessity*."    *People v. Goodwin*, 18 Johns., 187. "That the discretion ought to be exercised in cases of mere disagreement only after a long effort of the jury to agree, and when there is no reasonable hope of their doing so, is well settled, and the reasons for the discharge ought to be stated in the record."    *Id.*

In *Dobbins v. State*, 14 O. S., 499, it is said:   "Counsel for the plaintiff very justly and necessarily concede that a case of necessity may exist which would legally justify the course taken in this instance; but they insist that such a case can only arise when some intervening impediment has necessarily stopped the progress of the first trial before verdict; that the power of discharging a jury in a criminal and especially in a capital case is a delicate and highly responsible trust, to be exercised on account of the disagreement of the jury only when they have deliberated so long as to preclude all reasonable expectation that they will ever agree upon a verdict without being compelled to do so from famine or exhaustion; that this

power does not rest upon the arbitrary or uncontrollable discretion of the judge presiding at the trial, but is a legal discretion, to be exercised in conformity with known and established rules; and finally, that unless the facts stated in the record clearly established a case of necessity, the discharge will operate as an acquittal of the accused, and preclude his further prosecution. Abating something from the claim made as to what must of necessity affirmatively appear in the record, we have no hesitation in yielding to these propositions our entire assent, and they are certainly very strongly supported by the cases cited in argument. *Hurley's Case*, 6 Ohio Rep., 402. *Mount v. The State*, 14 Ohio Rep., 304. *Poage v. The State*, 3 Ohio St. Rep., 238. *McKee's Case*, 1 Bailey's Rep., 651. *United States v. Perez*, 9 Wheat., 580. *People v. Goodwin*, 18 Johns. R., 187. *People v. Olcott*, 2 Johns. Cas., 301. *United States v. Coolidge*, 2 Gallis. R., 364. *People v. Barret*, 2 Caines' R., 304."

Where the jury are discharged for any of the causes stated in section 485 of the Criminal Code, the record must show the necessity which required their discharge, otherwise the defendant will be entitled to an acquittal. *Hines v. State*, 24 O. S., 134. *Poage v. State*, 3 Id., 229. *Hurley v. State*, 6 Ohio, 400. *Mount v. State*, 14 Ohio, 295. This was not done in this case.

It never was intended to permit a court arbitrarily to discharge a jury for disagreement until a sufficient time had elapsed to preclude all reasonable expectation that they will ever agree. The county should not be subjected to the expenses incident to a second trial where there is a reasonable probability that a verdict may be reached on the first, while the accused is entitled as a matter of right to a verdict in his favor, if after a full and careful consideration of all the testimony, and on comparison of views the jury should find that the charge was not established by the proof. In this case the jury was discharged

after being in consultation only eleven hours. The jury had not then deliberated for so long a time that there was no probability of their agreeing, and the court could not discharge them on that ground alone, without the assent of the defendant. The record shows that the court remained in session until the 6th of December, so that there was no necessity for the discharge. The judgment of the court below is clearly right and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.