JOHN MURPHY, PLAINTIFF IN ERROR, V. STATE OF NE-
BRASKA, DEFENDANT IN ERROR.

1. **Criminal Law:** AUTREFOIS ACQUIT. An indictment was re-
turned into the district court by the grand jury, charging plaint-
iff in error with four separate violations of the liquor law of
the state. He was placed upon trial under three counts in the
indictment. Before entering upon the trial he filed his special
plea in bar, alleging that the indictment on file consisted of four
counts ; that upon arraignment he plead not guilty to each of
the counts thereof, when he was placed upon trial and the jury
empaneled and sworn to try the issue thus joined ; that the
county attorney, over his objection and protest, then elected to
proceed with the trial under but one of the counts of the said
indictment ; that upon said trial a verdict of not guilty was re-
turned by the jury, when he was discharged by the court. To
this plea the county attorney interposed a general demurrer,
which was sustained by the district court. *Held*, Error.

2. ———— : PLEA IN BAR : TRIAL. In such case, the plea in bar
being sufficient to present the issue of a former jeopardy and
acquittal, an issue of fact should have been joined thereon, un-
der the provisions of section 449 of the criminal code.

ERROR to the district court for Boone county. Tried
below before TIFFANY, J.

*J. L. Albert,* for plaintiff in error, cited : *State v.
Shuchardt,* 18 Neb., 454. Const., Sec. 12, Art. 1.
Bishop on Crim. Law, 7 Ed., Vol. 1, Secs. 1015, 1016,
1045. Cooley's Const. Limitations, 4 Ed., 327. Whar-
ton's Crim. Pleading and Practice, 8 Ed., Sec. 447.

*William Leese, Attorney General,* for defendant in error, cited: *Bohanan v. State,* 15 Neb., 212.

REESE, CH. J.

So far as shown by the record in this case, it appears that on the first day of May, 1888, an indictment was returned into the district court of Boone county against plaintiff in error, charging him with four violations of the liquor law of this state, set out in as many different counts; that on the 20th day of December, 1888, there was filed in the office of the clerk of said court a special plea in bar to the indictment, by which it was alleged that, at the April term, 1888, of said district court, the grand jury presented an indictment against him, and that on the 14th day of December of the same year, that being a day of the December term of said court, the defendant was duly arraigned on said indictment, and entered his plea of not guilty to each and all of the counts thereof; that a jury was empaneled and sworn, when the prosecuting attorney elected to proceed upon the fourth count, which was permitted by the court over the objection and exceptions of plaintiff in error, the election being had after the commencement of the trial; that upon a trial being had upon said count, the jury returned a verdict of not guilty, when he was discharged by the court.

These facts were pleaded in bar to the prosecution under the remaining three counts of the indictment. To this plea the county attorney filed a general demurrer, which was sustained, and to which plaintiff in error excepted. The trial proceeded, and resulted in a verdict of guilty as charged in two counts of the indictment, to-wit: The second and third. Upon the verdict being returned into court a fine of $200 was imposed upon plaintiff in error.

The cause is presented to this court by proceedings in error.

Upon an examination of the plea in bar, it appears that the indictment referred to in the plea is the same as that upon which plaintiff in error was subsequently placed upon his trial, and that he is the same person who was tried in the former trial. It also appears that upon his arraignment he entered his plea of not guilty to each count of the indictment; that a jury was duly empaneled and sworn, and after the commencement of the trial, the state, over his protest, elected to proceed upon but one of the four counts, and which trial resulted in a verdict of not guilty, and upon the return of which he was discharged.

In *State v. Shuchardt*, 18 Neb., 454, Judge MAXWELL, in writing the opinion of the court, says: "When a jury is empaneled the state must proceed with the prosecution. There can be no nonsuit as in civil actions. If the accused cannot be convicted, he is entitled to a verdict of acquittal. And if, after the jury has been sworn and the jeopardy thus begun, the court without sufficient cause discharge them, without a verdict, this in law is equivalent to an acquittal," citing 1 Bish. Cr. Proc. (3d Ed.), Sec. 821. *Wright v. State*, 7 Ind., 324. *Reese v. State*, 8 Id., 416. *Morgan v. State*, 13 Id., 215. *People v. Barrett*, 2 Caines, 304. *McCauley v. State*, 26 Ala., 135. *Poage v. State*, 3 O. S., 229.

The same principle is involved in the case at bar as in the case referred to. Taking the plea as true, and which is so admitted by the demurrer, plaintiff in error was placed in jeopardy by the empaneling of the jury and entering upon the trial of his guilt or innocence, as to all the counts of the indictment.

Section 449 of the criminal code provides, in substance, that the accused may offer a plea, in bar of an indictment, that he has before had judgment of acquittal, or been convicted, or been pardoned for the same offense, and to this plea the prosecuting attorney may reply that there is no record of such acquittal or conviction, or that there has

been no pardon; and on the trial of such issue to a jury, the accused must produce the record of such conviction or acquittal, * * * and prove that he is the same person charged in the record, * * * and shall be permitted to produce such other evidence as may be necessary to establish the identity of the offense.

There is no doubt but that the plea in bar, upon its face, states sufficient to constitute a bar to the action, as by the demurrer the county attorney admitted the allegations of the plea to be true. Were they not true, it was his duty to reply to the plea, and thus present an issue of fact. If the allegations of the plea are true, plaintiff in error is entitled to his discharge. It therefore follows that the court erred in sustaining the demurrer interposed by the county attorney.

The judgment of the district court is reversed, the demurrer overruled, and the cause remanded for further proceedings.

JUDGMENT ACCORDINGLY.

THE other judges concur.