## ACH SMITH v. STATE OF NEBRASKA.

FILED OCTOBER 17, 1894. NO. 7156.

1. **Criminal Law:** INDICTMENT AND INFORMATION: PLEA IN BAR: DEMURRER: REPLICATION. When a plea in bar to an indictment or information is insufficient in form, or when it appears from the face thereof that the facts alleged are not in law a bar to the prosecution, the state may demur; otherwise it should join issue by means of a replication.

2. ———: PLEA IN BAR: DEMURRER. By demurring to a plea in bar the state will be held to have admitted all of the facts well pleaded therein.

3. ———: ———: ———. The state cannot deprive the accused of his right to a trial upon a plea in bar by introducing evidence tending to controvert the facts therein alleged in connection with a demurrer to the plea.

4. ———: EVIDENCE: TRANSCRIPT OF REPORTER'S NOTES. The law makes no provision for the certification by the short-hand reporter of the proceedings of the district court, hence a transcript of his notes, although accompanied by a formal certificate, is not admissible as independent evidence.

ERROR to the district court for Douglas county. Tried below before SCOTT, J.

*Robert W. Richardson* and *A. G. Wolfenbarger*, for plaintiff in error.

*George H. Hastings, Attorney General*, for the state.

Post, J.

This is a petition in error to review a judgment of the district court for Douglas county, whereby the plaintiff in error was convicted on the charge of shooting with intent to kill one Reese Robinson.    To the information the following plea was filed :

"The State of Nebraska, plaintiff,  ⎫
v.    ⎬ Plea in Bar.
Ach Smith, defendant.    ⎭

"Now comes Ach Smith, defendant, in his own proper person, into court here, and having heard the information read, says that the state of Nebraska ought not further to prosecute said information against him because at the February term, 1894, of the district court of Douglas county the prosecuting attorney of said county, duly authorized by law so to do, presented an information against him for the same offense with which the defendant is charged in the present information; that said defendant was duly arraigned in said court on said information and pleaded not guilty thereto ; that thereupon a jury was duly impaneled and sworn in said cause in said court, and the trial proceeded with, when said jury were discharged by the court without the consent of the defendant, and over and against his protest and objection, without agreeing on a verdict and without disagreeing or other special cause, there being no special necessity for the discharge of the said jury.    Wherefore, the defendant prays judgment of the court that he may be dismissed and discharged from the premises in the present information specified."

A demurrer was interposed by the state on the ground that the above did "not contain facts sufficient to constitute a plea in bar."    The demurrer having been sustained, the accused entered a plea of not guilty, and a trial followed, resulting in a verdict of guilty, upon which judgment was subsequently entered, and which we are asked to reverse on account of alleged error.

The first and only assignment of error which it is deemed necessary to notice is the sustaining of the demurrer to the plea in bar.   No objection is made at the time to the plea on the ground that it is insufficient in form, hence the facts therein alleged, we assume, are well pleaded.   In fact, the pleader appears to have followed closely, both in form and substance, the plea which was sustained in the case of *Conklin v. State*, 25 Neb., 784.   In *State v. Shuchardt*, 18 Neb., 454, it is said: "When a jury is impaneled the state must proceed with the prosecution, * * * And if, after the jury has been sworn and the jeopardy thus begun, the court without sufficient cause discharges them without a verdict, this in law is equivalent to an acquittal;" and such must be accepted as the settled law of the state.   When the plea is inadequate in form, or when it appears from its face that the facts alleged are in law not at bar to the prosecution, the state may demur; otherwise it should join issue by means of a replication, since by demurring it will be held to have admitted all that is well pleaded by the accused. (*State.v. Shuchardt* and *Conklin v. State, supra*, and cases cited; 1 Bishop, Criminal Procedure, 817.)   It is shown by the transcript that on a previous day of the same term the accused was arraigned upon an information substantially like the one now before us, except that it was not therein alleged that the shooting was malicious.   Having entered a plea of not guilty, a jury was called and sworn, when he objected to the introduction of evidence by the state on the ground that the information failed to charge a crime.   That objection was sustained and the jury discharged, the accused being required to give bail conditioned that he would answer to a second information for shooting with intent to kill.   It is further shown by the transcript that, accompanying the demurrer, there was filed by the prosecutor a statement of the court stenographer in the following words:

"In the District Court in and for Douglas County,
Nebraska.

"STATE OF NEBRASKA $\left.\right\}$
v.
ACH SMITH.

"After the impaneling of the jury the state moves that
the jury be discharged and the defendant be remanded for
the filing of a new information.

"The defendant objects to the discharge of the jury with-
out a verdict being found, he having been once put upon
his trial; and it having appeared to the court that by an
oversight the word 'malicious' was left out of the infor-
mation, and from an investigation of the facts the court is
satisfied a crime has been committed and ought to be in-
vestigated by a jury, the jury is discharged. The defend-
ant is required to appear at the next term of court, and on
failure to give bond, remanded to jail until the next term
of the court, and the witnesses will be recognized to appear.
Defendant excepts.

"I hereby certify the foregoing to be a full, true, and
correct transcript of the proceedings had in the above
named case on the hearing thereof in the district court in
and for Douglas county, Nebraska, as shown by my short-
hand notes taken on the trial thereof.

"E. B. HENDERSON,
"*Reporter.*"

It may be inferred from the foregoing statement that the
parties, by agreement, submitted to the court, not only the
sufficiency of the plea when tested by demurrer, but also
submitted the plea on its merits; but granting such to be
the fact, it will not avail the state in this proceeding, for
two reasons: First—No provision is made for the certifi-
cation of the proceedings of the court by the short-hand
reporter. It is true that some of the cases in this court ap-
pear to sustain a different rule, but from a careful examina-
tion they will be found to harmonize with the views here

stated. For instance, in *Spielman v. Flynn*, 19 Neb., 342, the question was the admissibility, under a stipulation, of the testimony of an absent witness given at a former trial, and the objection thereto in the district court was directed to the form of the certificate and not its admissibility as independent evidence. In that case it is said, in effect, that a certified copy of the stenographer's notes of proceedings is admissible in all cases where the original would be; but the question was not, as we have seen, presented by the record; hence the remarks of the court on the subject must be regarded as mere *dicta*. That it was so understood by the court is at least probable from the fact that in *Lipscomb v. Lyon*, 19 Neb., 511, decided at the same term, it was distinctly decided that the stenographer's transcript of the testimony of a witness, although duly certified by him, is inadmissible as documentary or independent evidence.

In *City of Omaha v. Jensen*, 35 Neb., 68, although *Spielman v. Flynn* is cited with approval, the only objection was " that no sufficient cause has been shown for the reading of that testimony;" and from the syllabus prepared by the court it is apparent that the decision rests upon the ground that the question of the manner of authenticating the evidence was not raised by the objection. The act for the appointment of stenographic reporters (secs. 45–49, ch. 19, Comp. Stats.) provides that such reporters shall attend at all terms of the district court and shall make stenographic reports of all oral proceedings had, including the testimony of witnesses, and any further proceedings or matter when directed by the trial judge. He is required to keep an office in the district of his appointment, in which he shall preserve all stenographic reports made by him, and shall furnish, on application of the district attorney or any party to the suit, a long-hand copy of the proceedings so recorded. Section 408 of the Code provides : " Duly certified copies of all records and entries or papers belonging to any public office, or by authority of law filed to be kept

therein, shall be evidence in all cases of equal credibility with the original records or papers so filed." That provision we understand to be declaratory merely of the rule at common law and adds nothing thereto. An extraordinary degree of confidence is reposed in the class of documents contemplated by the rule, on account of the credit due to agents by whom they are made and the public nature of the facts themselves. Where matters are recorded for the benefit of the public, the persons authorized to make such records are regarded as agents of the state, and each member of the community is presumed to be privy to act. Copies of such records, when properly certified, are therefore received in evidence, because required by law to be kept, because they are of public interest and notoriety and made under the sanction of an oath of office, or official duty. (1 Greenleaf, Evidence, 128, 483, 484, 485; 1 Starkie, Evidence, 195.) The reporter's stenographic notes are preserved, not for the benefit of the community at large, but of the parties to the action or proceeding in which they were taken. The information which they impart is not entrusted to the public, but, aside from the prosecuting attorney, is confined to the parties directly interested. They are, in short, not public records within the meaning of the Code, and the statement mentioned cannot be considered for that reason. And, second, the provision of the Criminal Code for the trial to a jury of the issues presented by a plea in bar is held to be mandatory. (See *Arnold v. State,* 38 Neb., 752, and authorities cited.) In the light of those authorities it would seem that the state could not deprive the accused of a jury trial by presenting its proofs in connection with a demurrer to the plea in bar. It follows that in sustaining the demurrer to the plea the district court erred, for which the judgment must be reversed and the cause remanded for further proceedings therein.

REVERSED.