## UNITED STATES OF AMERICA *v.* CYRIL GEER.

### Novmber 22, 1915.

*Criminal law—Jeopardy—Mistrial on one count of .indictment, acquittal on another:* Where under an indictment of two counts charging violation of the White Slave Traffic Act, 36 Stat. 825, and of one count charging adultery, there is an acquittal on the two former counts of white slavery and a mistrial as to the count of adultery, the defendant has not been in jeopardy on the latter count, and a new trial may be ordered as to that.

*Indictment:* Plea in bar.

*Jeff McCarn,* U. S. District Attorney, for the United States.

*G. A. Davis* for the defendant.

DOLE, J. The defendant was acquitted on two counts of the indictment, while, in regard to the third count, the jury was unable to agree. The first two counts are charges under what is known as the "White Slave Act", alleging the transportation of a girl from one place to another in the Territory of Hawaii, for certain immoral purposes. The third count, upon which there was a mistrial, charges the defendant with adultery.

Counsel for defendant contends that the acquittal on the first two counts amounts to an acquittal on the whole indictment. A number of authorities have been cited, and I have looked up other authorities. There is no case among them all which is parallel to this case, that is, no case in which a verdict has been rendered on some counts in the indictment and a failure to reach a verdict upon another count through a mistrial. The authorities agree that where a verdict is rendered on some one or more counts in an indictment, and no action is taken in regard to another count

in the indictment, it amounts to an acquittal of the count not considered. This is because:

"When a jury is empaneled the State must proceed with the prosecution; there can be no non-suit, as in civil actions. If the accused cannot be convicted, he is entitled to a verdict of acquittal." *State v. Schuchardt,* 18 Neb. 454, 25 N. W. 722.

That is, where the trial of a case before a jury has been entered upon, the defendant is entitled to a conclusion of such trial. A discharge of the jury without sufficient legal cause amounts to an acquittal.

But these authorities do not apply to a case where there has been a mistrial. A mistrial of an indictment containing but one count is recognized as not bringing the prisoner into jeopardy, and a new trial is had as a matter of course.

Counsel refers to an Alabama case in support of his contention that the verdict in this case of acquittal on two counts means an acquittal on the third, on which there was a mistrial. This case is *State v. Standifer,* 5 Porter 531. The decision says:

"Cases exist in which a minor offense may be discharged by the acquittal of the individual charged, on an indictment for a major offence; but these are cases in which the jury, trying the case, could have lawfully returned a verdict for the lesser crime."

This was an indictment for murder, upon a trial of which the defendants were acquitted. They were thereafter indicted for assault and battery with intent to commit murder, of which charge some of the defendants were acquitted and others were acquitted of an assault and battery with intent to murder, but found guilty of an assault and battery. The court found on writ of error that there was no bar; that the "offenses have no appearance of identity . . . and the evidence which would produce an acquittal of the one might produce a conviction of the other." In the course of the opinion, the paragraph quoted above appeared. This dictum of the court evidently refers to cases

in which, as in the case before that court, the indictment includes but one count charging the greater offense, like murder, which would be a bar to an indictment for the same act on a charge of manslaughter or assault and battery, for the reason that the jury would have the discretion, if justified by the evidence, in returning under such an indictment a verdict of manslaughter or assault and battery.

In the case before the court, it becomes pertinent to answer the question whether, under an indictment charging only white slavery, the jury could under any evidence return a verdict of guilty of adultery. If such question is answered in the negative, it would seem that the dictum of the court in the Alabama case, above quoted, would be inapplicable.

The charge of white slavery is a charge of certain acts otherwise innocent, with a malicious or unlawful intent or for an unlawful purpose. The charge of adultery is a charge of an unlawful act. The proof of neither one would prove the other.

"As to the contention of double jeopardy upon which the petition of habeas corpus is rested in this case, this court has settled that the test of identity of offenses is whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statutes. Without repeating the discussion, we need but refer to *Burton v. United States,* 202 U. S. 344, 377, and the recent case of *Gavieres v. United States,* 220 U. S. 338." *Morgan v. Devine,* 237 U. S. 641.

The United States has been liberal as to the freedom with which its grand juries may include different charges in the same indictment, and giving the courts discretion even to try separate indictments at the same trial, only requiring as the conditions where this may be done that the several charges against any person are for the same act or transaction, or for two or more acts or transactions connected together, or, thirdly, for two or more acts or transactions of

the same class of crimes or offenses, which may be properly joined; thus adopting a broad policy which might render some of the precedents of the several States inapplicable.

Under an indictment for white slavery alone, it is my opinion that the jury could not return a verdict of adultery. Therefore, under the reasoning of the cases referred to, an acquittal on the counts for white slavery would not acquit the defendant on the count charging adultery, on which count the jury failed to find a verdict.

There are two opinions as to what constitutes jeopardy, the opinion more favored being that, when in a criminal trial, the jury is sworn and all the preliminary things of record are ready for trial, the prisoner has met with the jeopardy in the repetition of which our constitutional rule protects him. The other view is that jeopardy begins only after verdict, or at or upon a verdict of conviction or acquittal.

In a case in which there is a mistrial, no jeopardy has been created, as is evidenced from the universal practice that there may be at least one more trial. It would seem, therefore, that in such a case the question of jeopardy is undecided up to the time of the verdict, and that the finding of the verdict fixes the point of time in which his jeopardy is created; but that, in case of the failure of the jury to find any verdict, no jeopardy is created, and this because there has been no conclusion of the case.

The plea in bar is overruled.