(No. 11349.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* NETTIE BAIN, Plaintiff in Error.

*Opinion filed June 21, 1917.*

1. CRIMINAL LAW—*under section 57b of the Criminal Code jury must find accused was keeper of house of prostitution in question.* Under section 57b of the Criminal Code it is necessary for the People to allege and prove not only that the accused was guilty of permitting an unmarried female under eighteen years of age to stop and room in a house of prostitution but also that the accused was the keeper of such house of prostitution in manner and form as charged in the indictment, and the verdict must so find.

2. SAME—*when verdict does not find that accused was keeper of house of prostitution.* In a prosecution under section 57b of the Criminal Code, a verdict which finds the accused guilty of permitting a certain unmarried female under eighteen years of age to stop and room in a house of prostitution, "in manner and form as charged in the indictment," is not equivalent to a finding that the accused was the keeper of the house although it is so alleged in the indictment. (*People* v. *Lee,* 237 Ill. 272, followed.)

3. SAME—*when rule that defendant who is convicted of lesser offense is thereby acquitted of the greater offense does not apply.* The rule of law that where a defendant is indicted for an offense and on trial is convicted of a lesser offense included in the crime charged the verdict is an acquittal as to the greater offense cannot be applied where the verdict does not amount to a finding of guilty of any offense but is merely an ineffectual attempt to find the accused guilty of the crime charged.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding.

J. M. BANDY, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, JOSEPH P. STREUBER, State's Attorney, and NOAH C. BAINUM, for the People.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

An indictment of three counts was returned by the grand jury in the Madison county circuit court against plaintiff in error, all of which counts were substantially the same. The first count charges "that Nettie Bain, *alias* Nettie Bane, on April 30, A. D. 1916, at and in the county of Madison, in the State of Illinois, then and there being the keeper of a certain building where prostitution and fornication was then and there allowed and practiced, did unlawfully, willfully and feloniously permit one Regina Jesse, who was then and there an unmarried female person then and there under the age of eighteen years, to stop and room in said building, contrary to the form of the statute," etc. Plaintiff in error pleaded not guilty to the indictment, and on February 1, 1917, a jury on a trial returned into said court the following verdict: "We, the jury, find the defendant Nettie Bain, *alias* Nettie Bane, guilty of allowing Regina Jesse, an unmarried female under the age of eighteen years, to stop and room in a house of prostitution in manner and form as charged in the indictment, and we find the age of the defendant to be thirty-five years." After motions for new trial and in arrest of judgment were overruled plaintiff in error was sentenced on the verdict to an indefinite term in the penitentiary.

Two of the assignments of error urged as grounds for reversal of the judgment of the trial court are, (1) that the evidence does not establish the guilt of plaintiff in error be-

yond a reasonable doubt; (2) that the verdict of the jury is not responsive to the issues formed, in that it does not find that she was the keeper of the house in which prostitution or fornication was practiced.

Plaintiff in error by her own testimony denied that she was the keeper of a house of prostitution or that the house in which the prosecutrix roomed was a house of prostitution or fornication, and produced other witnesses who testified similarly. It is not necessary or proper for this court to further refer to or discuss the evidence in the record on the merits of the case in view of the fact that the cause must be again tried on account of the error of the court in sentencing the defendant on the verdict aforesaid.

The statute under which plaintiff in error was indicted and prosecuted provides: "Whoever, being the keeper of a house of prostitution, or assignation house, building or premises in this State where prostitution, fornication or concubinage is allowed or practiced, shall suffer or permit any unmarried female under the age of eighteen years to live, board, stop or room in such house, building or premises, shall, on conviction, be imprisoned in the penitentiary not less than one year nor more than five years." (Hurd's Stat. 1916, par. 57*d*, p. 884.)

It was necessary for the People to allege and prove not only that plaintiff in error was beyond all reasonable doubt guilty of permitting Regina Jesse, an unmarried female under the age of eighteen years, to stop and room in a house of prostitution, but also that she was the keeper of such house of prostitution, in manner and form as charged in the indictment. It was also necessary that the jury find that every essential element of the crime charged in the indictment had been proven beyond all reasonable doubt,— that is, that the defendant was guilty in manner and form as charged in the indictment. The verdict of the jury fails to so find. It does not directly or by necessary implication find that plaintiff in error was the keeper of the house of

prostitution in question,—an essential element of the offense charged. The verdict specifies the particular facts or acts of which the plaintiff in error is guilty, and recites that she is guilty of said acts "in manner and form as charged in the indictment." It was expressly held by this court in *People* v. *Lee*, 237 Ill. 272, and in *People* v. *Morton*, 245 id. 530, that such a finding by the jury is not a finding, or equivalent to a finding, that plaintiff in error was guilty of being the keeper of such house of prostitution or that she was guilty in manner and form as charged in the indictment. It has been repeatedly held that the verdict of a jury in such a case, in form, "We, the jury, find the defendant guilty," or, "We, the jury, find the defendant guilty in manner and form as charged in the indictment," is a sufficient finding that all of the essential elements of the crime charged in the indictment have been proved beyond a reasonable doubt, (*People* v. *Lee, supra,* and cases there cited,) but the verdict returned in this case does not amount to a finding by the jury that plaintiff in error was guilty of the crime charged, for the reason that it fails to find that she was the keeper of the house in question.

It is also argued by plaintiff in error's counsel that because the verdict of the jury found plaintiff in error guilty of an offense that does not exist, either under the statute or the common law, the order of reversal in this case should be with a direction to the trial court to enter a judgment of not guilty. As suggested by counsel, the verdict as returned by the jury does not find the defendant guilty of any offense at all but is apparently an ineffectual attempt to find plaintiff in error guilty of the crime charged. The rule of law that where a defendant is indicted for an offense and on trial is convicted of a lesser offense also included in the charge in the indictment the verdict of the jury must be held to be an acquittal of the defendant as to the greater offense charged in the indictment cannot be applied in this case, or in any other case in which there is no conviction

279 — 14

of a lesser offense charged and in which the verdict of the jury does not amount to a finding of guilty or of not guilty as to any charge contained in the indictment.

For the reasons aforesaid the judgment of the circuit court is reversed and the cause is remanded.

*Reversed and remanded.*