STATE OF NEBRASKA, APPELLEE, V. MERVIN WHIPPLE,
APPELLANT.

202 N. W. 2d 182

Filed November 17, 1972. No. 38459.

C. F. Fitzke and James T. Hansen, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard
L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH,
McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Mervin Whipple appeals his conviction upon a two-
count information charging him with assault with intent
to inflict great bodily injury, and a forcible taking of
property of value with intent to rob and steal. The
jury found defendant guilty of the lesser-included of-
fense of assault and battery on the first count, and
guilty of the offense of assault with intent to commit
robbery on count two.

Defendant assigns as error the refusal to direct a
verdict in his favor; the verdicts of the jury are in-
consistent as a matter of law; the defendant is being
punished twice for the same offense; and the sentence
imposed by the court is excessive and an abuse of dis-
cretion. We affirm.

The complaining witness, Franklin Davis, was re-

turning from Minatare with his brother when he saw a car in a borrow pit and stopped to render assistance. Defendant approached Davis' pickup and said that he could use some help. Davis told defendant he would get a tow chain. Defendant then told Davis that he wanted his pickup. When Davis refused to give it up, defendant hit him a couple of times through the car window, opened the door, and pulled him out. Davis was then beaten, kicked, slashed with a knife, and placed back in the pickup along with two of defendant's companions. One of defendant's companions drove the pickup, with defendant riding in the rear box. After driving down the road a short distance they saw a police car. Defendant and the driver fled from the pickup. Davis drove it down the road to meet the police car.

We first consider defendant's contention that a verdict should have been directed. In State v. Martin (1964), 177 Neb. 209, 128 N. W. 2d 583, we held: "It is only where there is a total failure of competent proof in a criminal case to support a material allegation in the information that the trial court will be justified in directing a verdict of not guilty." Here the defendant told Davis he wanted the pickup and when Davis refused to give it up, defendant forcibly took it from him. The evidence is undisputed that the defendant and an accomplice unmercifully beat, kicked, and slashed Davis before taking the pickup.

We consider defendant's second and third contentions together, and determine that the counts are not inconsistent and defendant is not being punished twice for the same offense.

Assault with intent to inflict great bodily injury under the provisions of section 28-413, R. S. Supp., 1972, is a separate and distinct offense from assault with intent to commit robbery under section 28-409, R. R. S. 1943. The court instructed the jury as to the distinctions between the two offenses, and the jury found the defendant guilty of assault and battery on the first count,

and of assault with the intent to commit robbery on the second count.

The defendant cites State v. Hutter (1945), 145 Neb. 798, 18 N. W. 2d 203, to sustain his position. That case involved the different degrees of homicide which were carved out of murder and manslaughter as known to the common law. In creating the different degrees of homicide, our statute did not set up any new offenses, but divided homicide into degrees and graded the punishment to meet the circumstances of the particular case. Here, however, the two counts describe two separate offenses and not one. The first is assault with intent to inflict great bodily injury, and the second is assault with the intent to commit robbery. They are not inconsistent. The jury found the defendant guilty of assault and battery on the first count, and of assault with the attempt to rob on the second count. The trial court, in passing sentence on the verdicts of the jury, made the sentences on the two counts concurrent.

Defendant's final contention is that the sentence imposed is excessive and an abuse of discretion. The defendant was sentenced to 6 months in the county jail on the first count, and to 6 to 8 years in the Nebraska Penal and Correctional Complex on the second count, the sentences to run concurrently. The penalty provided for assault with the intent to commit robbery is not less than 2 nor more than 15 years. The defendant received 6 to 8 years, which is within the limits set by the statute. In State v. Hake (1969), 184 Neb. 381, 168 N. W. 2d 270, we said: "We have on many occasions reiterated the rule that where the punishment of an offense created by statute is left to the discretion of the court, to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed unless there appears to be an abuse of such discretion." Defendant's presentence report is not a part of the record herein. If he wished this court to review his sentence in the light of the

presentence report he should have requested that it be made a part of the transcript. There is a suggestion in the record that the defendant was on probation at the time of the offense. In any event, the offense herein was an aggravated one and there is nothing in the record which would indicate that the trial judge abused his discretion.

We affirm the judgment and direct that the defendant be given credit on the sentence on the second count for all time served in the county jail on the first count.

AFFIRMED.

McCOWN, J., concurring only in result and only because of the concurrent sentences.

I cannot concur in the conclusion that a defendant may properly be convicted of the offense of assault with intent to commit robbery and of the offense of assault and battery where both are based upon a single factual assault. See § 1.07, American Law Institute Model Penal Code, proposed official draft, May 4, 1962.

SMITH, J., joins in this concurrence.