16 Neb. App. 180
STATE OF NEBRASKA, APPELLEE,
v.
JONATHAN C. RUSH, APPELLANT.
No. A-06-1318.
Court of Appeals of Nebraska.
Filed November 13, 2007.
Arthur C. Toogood, Adams County Public Defender, for appellant.
Jon Bruning, Attorney General, and Erin E. Leuenberger for appellee.
SIEVERS, CARLSON, and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
A jury found Jonathan C. Rush not guilty of unlawful discharge of a firearm and use of a firearm to commit a felony, but guilty of attempted second degree assault. The district court entered judgment on the verdict and sentenced Rush to 365 days in jail. Rush appeals. We determine that a rational jury could have found the State proved beyond a reasonable doubt that Rush carried and leveled a shotgun at the potential victims but failed to prove by the requisite standard that Rush discharged the shotgun. We affirm.

BACKGROUND
Justin E. and Courtney D. previously had a romantic relationship. In March 2006, Courtney began living with Rush, her new boyfriend. Courtney's new relationship became a source of conflict between Justin and Rush.
On the evening of April 15, 2006, Justin drove by Rush's house. Shortly thereafter, Justin received three calls on his cellular telephone from Courtney's telephone number. Justin answered the third call, and it was Rush inquiring why Justin was driving by Rush's house. Words and threats were exchanged. Justin and his two passengers then drove slowly by Rush's house again and saw Rush come out on the porch carrying a shotgun. Justin testified that Rush walked out the door holding the shotgun straight up in the air and that "as [Rush] walked out he turned towards my car and he just drew it down like that." Justin then drove off and heard the noise of a shotgun blast, but he did not see the muzzle flash. One of the passengers testified that he ducked down when Rush pointed the shotgun at the vehicle and that 2 or 3 seconds later, he heard a "loud shot." Rush's next-door neighbors also testified about hearing a "loud bang" that sounded very close. Justin later noticed damage to his vehicle consistent with damage caused by a shotgun.
The State charged Rush with unlawful discharge of a firearm, use of a firearm to commit a felony, attempted second degree assault, and criminal mischief. The State later dismissed the criminal mischief charge. The court conducted a jury trial on September 11 and 12, 2006.
Courtney testified that on the night in question, Justin stopped his vehicle in front of Rush's house, Rush went outside on the porch, Justin "peeled off," and Courtney heard a noise as Rush reentered the house. Rush testified that he went out on the porch with the intent to fight Justin but that before he could even walk down the steps, the vehicle "screeched off' and Rush heard a "loud boom." Rush denied having a shotgun at the house or carrying any weapons with him when he went out on the porch, and Courtney provided similar testimony.
The jury found Rush not guilty of unlawful discharge of a firearm and use of a firearm to commit a felony, but guilty of attempted second degree assault. The district court later sentenced Rush to 365 days in jail.
Rush timely appeals to this court.

ASSIGNMENTS OF ERROR
Rush alleges that the court erred in (1) finding sufficient evidence to support the conviction and (2) imposing an excessive sentence.

STANDARD OF REVIEW
[1] When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Gutierrez, 272 Neb. 995, 726 N.W.2d 542 (2007).
[2] A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. State v. Archie, 273 Neb. 612, 733 N.W.2d 513 (2007).

ANALYSIS

Sufficiency of Evidence.
Rush argues that the State failed to establish beyond a reasonable doubt the elements of attempted second degree assault. He asserts, "The finding that the evidence was not sufficient to show that [Rush] discharged a firearm at [Justin's] automobile leaves no evidence that any other dangerous instrument was available for [Rush] to use in an attempted [sic] to cause bodily injury." Brief for appellant at 7. Although Rush frames his argument upon sufficiency of the evidence, he relies in part upon a claim that the verdicts are inconsistent.
[3] In a multicount information involving factual variations, such as different times, dates, places, property, or victims, the finding on one count will not ordinarily be held inconsistent with that on any other count. See State v. Ladehoff, 228 Neb. 812, 424 N.W.2d 361 (1988). The Nebraska Supreme Court has also declined to find inconsistent verdicts where the evidence relied on in the different counts is not identical, see State v. Steinmark, 195 Neb. 545, 239 N.W.2d 495 (1976), or where the counts describe two separate offenses and are not inconsistent, see State v. Whipple, 189 Neb. 259, 202 N.W.2d 182 (1972). We examine the counts and the evidence to determine if a rational fact finder could acquit Rush of one offense and find him guilty of the other.
The court instructed the jury that in order to convict Rush of unlawful discharge of a firearm, the jury had to find beyond a reasonable doubt that Rush "intentionally discharge[d] a firearm at an occupied motor vehicle." In order to convict Rush of attempted second degree assault, the jury needed to find beyond a reasonable doubt that Rush "intentionally engaged in conduct which, under the circumstances as he believed them to be, constituted a substantial step in a course of conduct intended to culminate in his commission of the crime of Second Degree Assault, to-wit: intentionally or knowingly causing bodily injury to another with a dangerous instrument."
Under the facts of this case, a rational jury could find beyond a reasonable doubt, based on the testimony of what the witnesses saw, that Rush took a shotgun onto the porch and could also find that the State failed to prove beyond a reasonable doubt that Rush fired the shotgun. The witnesses did not see the shotgun discharge. Even though some of the witnesses testified that they heard sounds characterized by one as "a shotgun blast" and by others as "a loud shot" or "loud bang," the jury was not bound to accept the inference that the sound came from the shotgun. Thus, if the jury found that the State failed to prove beyond a reasonable doubt that Rush did discharge the shotgun, the jury could not find Rush guilty of unlawful discharge of a firearm. But, the jury could still find that the State proved beyond a reasonable doubt that Rush carried a shotgun and leveled it at the vehicle and find that he thereby intentionally engaged in conduct which constituted a substantial step toward intentionally or knowingly causing bodily injury, with a shotgun, to Justin or Justin's passengers. Viewing the evidence in the light most favorable to the State, a rational trier of fact could have found that the State proved the essential elements of attempted second degree assault beyond a reasonable doubt and that the State failed to prove by the requisite standard the elements of unlawful discharge of a firearm. There is sufficient evidence to support the conviction.

Excessiveness of Sentence.
[4] Rush also argues that the court imposed an excessive sentence. The factors to be considered by a sentencing court are well known, and we need not recite them here. See State v. Archie, 273 Neb. 612, 733 N.W.2d 513 (2007). When a sentence imposed within statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying these factors as well as any applicable legal principles in determining the sentence to be imposed. Id. The sentence imposed was within statutory limits, and we have examined the record concerning all relevant factors and applicable legal principles. We find no abuse of discretion by the district court in its determination of the sentence.

CONCLUSION
We conclude that the jury's verdict is supported by the evidence and that the district court's sentence did not constitute an abuse of discretion.
AFFIRMED.