553 P.2d 686

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Tony SPILLMON and Eldridge Green, Defendants-Appellants.**

**No. 10840.**

Supreme Court of New Mexico.

Aug. 30, 1976.

John S. Spence, Alamogordo, for defendants-appellants.

Toney Anaya, Atty. Gen., Paquin M. Terrazas, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

McMANUS, Justice.

The defendants in this case were charged with felony murder, aggravated burglary and attempted robbery in the District Court of Curry County. Venue was changed to Tucumcari, Quay County, New Mexico. By stipulation and order, all charges were consolidated and trial was held before a jury beginning on December 15, 1975. The jury returned a verdict of guilty as to "attempted robbery" and not guilty as to "burglary." The jury received an instruction on felony murder but no verdict was reached as to either first degree or second degree murder, the jury having declared that they were deadlocked. These proceedings did not produce an acquittal or a guilty verdict, nor was a hung jury or a mistrial declared. The trial court set the case for retrial on the murder charges and the defendants moved to dismiss on the grounds of double jeopardy. The trial court denied the motion and we reverse.

■ The United States Constitution and Article II, § 15 of the New Mexico Constitution state that no person shall be twice put in jeopardy for the same offense. The double jeopardy clause is designed to pro-

hibit the government from harassing citizens by subjecting them to multiple suits on the same offense until a conviction is obtained. *Green v. United States,* 355 U.S. 184, 187–188, 78 S.Ct. 221, 223, 2 L.Ed.2d 199, 204 (1957).

■ We are of the opinion that to try these defendants again on the murder charge would constitute double jeopardy because the trial court concluded the proceedings without declaring a mistrial and without reserving the power to retry those issues upon which the jury could not agree. If a mistrial had been properly declared, jeopardy would not have attached and the State would be free to assert its claims before another jury. In such a case "[t]he continuance of the jeopardy is not a new jeopardy. A mistrial or a new trial secured by plaintiff or defendant, continues the jeopardy and does not renew it." *State v. Keerl,* 33 Mont. 501, 516, 85 P. 862, 866 (1906), aff'd, 213 U.S. 135, 29 S. Ct. 469, 53 L.Ed. 734 (1909). However, when a jury is discharged and the trial is terminated without the consent of the defendant, jeopardy attaches and bars any subsequent proceedings on those issues. See generally *Green v. United States,* supra.

In some instances discharging a jury which cannot reach a verdict is permissible if under the circumstances there exists a "manifest necessity" to do so. *United States v. Perez,* 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824). Such circumstances must be "urgent" [1] or "extraordinary," [2] or the court must find that there is a "reasonable probability that the jury could not agree." [3] In the present case it appears that no such extraordinary circumstances dictated the termination of the proceedings and the discharge of the jury.

In *Utah v. Iverson,* 10 Utah 2d 171, 350 P.2d 152 (1960), the court did not equate

1. *United States v. Perez,* 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824).

2. *United States ex rel. Russo v. Superior Court of N. J., etc.,* 483 F.2d 7 (3rd Cir.

1973), cert. denied, 414 U.S. 1023, 94 S.Ct. 447, 38 L.Ed.2d 315 (1973).

3. *Keerl v. Montana,* 213 U.S. 135, 138, 29 S.Ct. 469, 470, 53 L.Ed. 734, 737 (1909).

the discharge with an acquittal but held that any further proceedings were barred because the defendant had already been placed in jeopardy. Since the record does not disclose a "manifest necessity" for the discharge of the jury and a final termination of the trial, we follow the suggestion of the United States Supreme Court in *Downum v. United States,* 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963), and resolve any doubt in favor of the liberty of the citizen. We hold that under the facts in this case jeopardy has attached and the defendants may not be tried again on the murder charge.

This cause is remanded to the District Court of Quay County for the purpose of dismissing the remaining indictments concerning the murder charges.

IT IS SO ORDERED.

MONTOYA and SOSA, JJ., concur.