624 P.2d 527

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Tyrone WARDLOW,
Defendant-Appellant.**

No. 12988.

Supreme Court of New Mexico.

Feb. 24, 1981.

Martha A. Daly, Appellate Defender, Lewis S. Fleishman, Asst. Public Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Arthur Encinias, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

EASLEY, Chief Justice.

Wardlow was tried on a two-count indictment of battery on a peace officer and aggravated assault on a peace officer. He was acquitted on the charge of aggravated assault. The charge of battery on a peace officer and the lesser-included offense of simple battery remained. The jury was in deadlock on the principal charge. There was some doubt as to the jury's position on the lesser-included offense. The trial court declared a mistrial on the basis that the jury was unable to reach a verdict on the principal charge of battery on a peace officer. Wardlow filed an interlocutory appeal in the Court of Appeals, which certified the case to this Court.

The issues are: (1) whether the record shows that the jury considered and voted to acquit Wardlow on the lesser-included offense of simple battery, thus precluding a trial of Wardlow on the greater offense of battery on a peace officer; (2) whether a new trial of Wardlow would be in violation of his constitutional right against double jeopardy.

Verdict forms were submitted to the jury on both the greater and lesser offenses. The jury sent a note announcing that a verdict had been reached on the count of aggravated assault on a peace officer but that they could not reach a unanimous verdict on the battery count. The trial court called the jury in for questioning.

The record is clear that the jury was deadlocked on the charge of battery on a peace officer. The problem here is determining whether the jury voted to acquit Wardlow on the lesser-included offense of simple battery. Upon questioning by the trial court the jury foreman stated that there was a unanimous vote that there was no simple battery. When asked by the trial court to clarify the matter the foreman replied:

The vote is not unanimous for battery upon a peace officer. The vote was unanimous that the charge of battery was not true.

Asked why the charge was not true, the foreman responded:

The jury did not believe that that was an appropriate charge. The jury is divided between battery upon a peace officer and not guilty.

The following colloquy between the trial court and the jury foreman then occurred:

The Court: Alright, by a show of hands then you had a unanimous vote at one time that ... was it that you were not going to convict him of battery, or was it that he was not guilty of battery, or was it that it is not, it is not the appropriate thing to convict him if anything.

Foreman: If the jury wished to consider the charge of battery, and the jury did not wish to consider that.

The Court: You mean that was the question you asked, or ...

Foreman: The question that was asked was the charge of battery, and the jury voted 12–0 no to the charge, not guilty.

The trial court found that the jury was in disagreement on the charge of battery on a police officer, and that the jury had not voted on the guilt or innocence of Wardlow as to the charge of simple battery, but that the jury determined that the charge of simple battery was inappropriate. He declared a mistrial and reserved the right to retry the charges.

Wardlow claims that the jury voted unanimously for a not guilty verdict on the lesser charge of simple battery, thus mandating an acquittal on that charge and the

greater charge of battery on a peace officer. The position of the State and the trial court is that the record shows that the jury decided that they would not consider the charge of simple battery because it was "inappropriate" and thus never reached the point of voting on guilt or innocence on this issue.

In conformity with Rule 44, N.M.R. Crim.P., N.M.S.A. 1978 (Repl.Pamp.1980) and N.M. U.J.I.Crim. 50.12, N.M.S.A. 1978, the jury was instructed that if it was in doubt on the greater offense, it should consider the lesser-included offense and determine whether the defendant is guilty or not guilty of that offense and sign the appropriate verdict form.

■ A jury may be polled when the jury has been instructed on lesser-included offenses and cannot unanimously agree on any of the offenses submitted. Rule 44(d); *O'Kelly v. State*, 94 N.M. 74, 607 P.2d 612 (1980); *State v. Castrillo*, 90 N.M. 608, 566 P.2d 1146 (1977).

■ The procedure followed by the trial court accords with that mandated by our opinion in *Castrillo, supra.* *Castrillo* requires that where a jury is deadlocked on a charge involving included offenses, the trial court must determine whether the jury has voted to acquit or convict the defendant on any of the lesser-included offenses. The trial court's questioning of the foreman in this case was designed to elicit this information. Based upon the foreman's responses, the court concluded that the jury had voted neither to acquit nor convict the defendant of simple battery, but considered the charge inappropriate.

Rule 44(d) provides that if a poll shows that the jury has *unanimously voted not guilty* as to any degree of an offense, "a verdict of not guilty shall be entered for that degree and for each greater degree of the offense." Thus, if this jury voted unanimously to acquit on the lesser degree of simple battery, the trial court was required to enter a verdict of not guilty for that charge as well as the greater charge of battery on a peace officer. Jeopardy would

thus have attached and a retrial would be barred. Here the jury did not agree on a not guilty verdict as to battery; and the action of the trial court in declaring a mistrial was proper.

Wardlow clings tenaciously to one statement made by the foreman that the jury had "voted 12–0 'no' to the charge, not guilty," although the foreman in answer to other questions stated that the charge of battery "was not true," that it was not "an appropriate charge," that the jury was divided between "battery upon a peace officer and not guilty," and that the jury "did not wish to consider" the charge of battery.

The instructions to this jury were to consider the greater offense and if a guilty verdict was not found, to proceed to the lesser offense. If Wardlow was then found not guilty of the lesser offense of simple battery, *they were to sign the not guilty verdict form.* The proper form for a not guilty verdict on the charge of simple battery was in the possession of the jury. It is significant that this form was not executed and returned in conformity with the instructions. This indicates that the true deadlock was between the option of finding Wardlow guilty on the greater offense or acquitting him, and that the jury did not have the intent to acquit Wardlow on the lesser offense. The record is clear that the prevailing deadlock in the deliberations of the jurors was whether defendant was guilty or not guilty of battery on a peace officer. In fact, the record shows that, after considering the lesser offense, the deliberations continued on the greater charge.

Under our applicable law and rules, the trial court is mandated to declare a mistrial and discharge the jury when it finds that there is no reasonable possibility that the jury can agree on a verdict. Rule 44(g); *O'Kelly v. State, supra*; *Castrillo, supra.* The evidence is quite adequate here to show that the jury could not agree. Thus, there was no abuse of discretion in declaring a mistrial and reserving the right to retry Wardlow.

■ The "manifest necessity" for declaring a mistrial, called for in *United States v.*

*Perez,* 22 U.S. (9 Wheat.) 579 (1824), is supplied when the jury is unable to agree on a verdict. Jeopardy does not attach under these circumstances. *Downum v. United States,* 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963); *O'Kelly v. State, supra.*

We perceive no material conflict with *Castrillo,* but to the extent that there may be such a conflict, *Castrillo* is hereby overruled.

We affirm the decision of the trial court and remand the cause for a new trial.

IT IS SO ORDERED.

PAYNE and FEDERICI, JJ., and NIEVES, District Judge, concur.

SOSA, Senior Justice, respectfully dissenting.

RIORDAN, J., not participating.