715 P.2d 455

**Thomas RUTLEDGE, Petitioner,**

v.

**Honorable Harvey W. FORT, Respondent.**

No. 16129.

Supreme Court of New Mexico.

March 4, 1986.

**8**

Paul Bardacke, Atty. Gen., G.T.S. Khalsa, Asst. Atty. Gen., Santa Fe, for petitioner.

A.J. Olsen, Roswell, Wendy York, Asst. Public Defender, Santa Fe, for real party in interest.

## OPINION

STOWERS, Justice.

On December 4, 1985, this Court issued an alternative writ of superintending control restraining and prohibiting the respondent, the district court, from giving a jury instruction that does not conform to the uniform jury instructions applicable to this criminal prosecution. The petitioner, the State, and the real party in interest, the defendant, have filed briefs and presented oral arguments, and the petitioner now seeks to have the alternative writ made permanent.

We determine two questions. First, is this an appropriate circumstance for the issuance of an extraordinary writ? Second, assuming that an extraordinary writ is an appropriate remedy in this case, may the district court give, in addition to the uniform jury instructions approved for aggravated assault upon a peace officer and for battery upon a peace officer, NMSA 1978, UJI Crim. 22.02, 22.10 (Repl.Pamp. 1982), an instruction requiring the jury to find that the defendant knew that his victim was a peace officer in order to convict on either count?

We conclude, first, that this is an appropriate case for the issuance of an extraordinary writ. We conclude, second, that the district court would exceed its authority if it gave the additional instruction in issue, and would violate its duty to instruct the jury correctly on the law. Accordingly, we order that the alternative writ of superintending control be made permanent.

The defendant was charged with aggravated assault upon a peace officer under NMSA 1978, Section 30–22–22 (Repl.Pamp. 1984), and battery upon a peace officer under NMSA 1978, Section 30–22–24 (Repl. Pamp.1984). These charges stemmed from an altercation between the defendant and a plainclothes police officer who had pursued the defendant's nephew onto the defendant's property.

At the defendant's first trial, which resulted in a mistrial, conflicting evidence was offered regarding whether the victim had identified himself as a police officer before the defendant grabbed him, opened a knife, and displayed it. The district court instructed the jury on the elements of the crimes charged by giving UJI Crim. 22.01 and 22.10. In response to a question from the jury during deliberations, however, the district court, over the State's objection, instructed the jury that they must find that the defendant had been on notice that the victim was a police officer in order to convict. The jury was unable to reach a verdict, and the mistrial was declared.

Prior to retrial, the district court denied the State's motion to conform instructions to the uniform jury instructions, and stated its intention to give the additional element instruction requiring a finding of knowledge to the second jury. The State then filed its petition for an extraordinary writ.

This Court is vested with a superintending control over all inferior courts. N.M. Const. art. VI, § 3. We long have held that our power of "superintending control will be exercised if the remedy by appeal is wholly or substantially inadequate, or if the exercise thereof will prevent irreparable mischief, great, extraordinary or exceptional hardship, costly delays, or unusual burdens in the form of expenses." *State ex rel. DuBois v. Ryan*, 85 N.M. 575, 577, 514 P.2d 851, 853 (1973) (citations omitted). In this criminal prosecution the remedy by appeal is inadequate. Should the jury acquit the defendant after

receiving the district court's instruction requiring knowledge that the victim was a police officer, and should we hold that the additional instruction was erroneous, the double jeopardy clause of the state and federal constitutions would shield the defendant from a subsequent prosecution before a properly instructed jury. *See* U.S. Const. amend. V; N.M. Const. art. II, § 15; *State v. Castrillo*, 90 N.M. 608, 566 P.2d 1146 (1977); *State v. Wardlow*, 95 N.M. 585, 624 P.2d 527 (1981). An exercise of our power of superintending control therefore is appropriate in this case, for we are "responsible * * * [for seeing] that inferior courts do not depart from proper judicial activity * * * or * * * behave improperly so as to interfere with or reflect upon the court system, or shake public confidence in the administration of justice and the judiciary." *State ex rel. Anaya v. Scarborough*, 75 N.M. 702, 706, 410 P.2d 732, 734 (1966) (citations omitted).

The elements of aggravated assault upon a peace officer and of battery upon a peace officer are described in UJI Crim. 22.02 and 22.10, respectively. When a uniform instruction is provided for the elements of a crime, this Court has ordered all inferior courts to use the uniform instruction without substantive modification or substitution, and has further ordered that "[i]n no event may an elements instruction be altered * * *." NMSA 1978, UJI Crim. General Use Note (Repl.Pamp.1982); *see Jackson v. State*, 100 N.M. 487, 489, 672 P.2d 660, 662 (1983). The district court is bound to follow our directions regarding the use of uniform jury instructions. *State v. Smith*, 92 N.M. 533, 541, 591 P.2d 664, 672 (1979). Its intended modification of these uniform jury instructions by addition of an element requiring knowledge is improper and impermissible.

The Legislature has proscribed aggravated assault upon a peace officer, which consists of "unlawfully assaulting or striking at a peace officer with a deadly weapon while he is in the lawful discharge of his duties." § 30–22–22(A)(1). The Legislature also has proscribed battery upon a peace officer, which consists of "the unlaw-ful, intentional touching or application of force to the person of a police officer while he is in the lawful discharge of his duties, when done in a rude, insolent or angry manner." § 30–22–24.

■ In interpreting statutes, we seek to give effect to the intention of the Legislature, which is to be determined primarily by the language of the statute itself. *State v. Pedroncelli*, 100 N.M. 678, 681, 675 P.2d 127, 130 (1984). In neither of these statutes did the Legislature choose to use the words "knowingly," "with knowledge," or "knowing" to indicate the requisite mental state of the defendant. It did, however, use those words to make knowledge an element of the crimes of resisting an officer, harboring a felon, and compounding a crime. *See* NMSA 1978, §§ 30–22–1, –4, –6 (Repl.Pamp.1984). We believe that the Legislature's choice of language reflects its intention not to make knowledge that the victim was a peace officer a required element of aggravated assault upon a peace officer or battery upon a peace officer under Sections 30–22–22 and –24.

Our conclusion is strengthened by the fact that the United States Supreme Court, analyzing a similar federal statute proscribing assaults upon federal officers, 18 U.S.C. § 111 (1970), determined that the statute required only an intent to assault, not an intent to assault someone known to be a federal officer. *United States v. Feola*, 420 U.S. 671, 684, 95 S.Ct. 1255, 1263, 43 L.Ed.2d 541 (1975). We believe that our Legislature, like Congress, meant to extend maximum protection to peace officers, and did not intend to undercut that protection by imposing an unexpressed requirement of knowledge that the victim was a peace officer. *See Feola*, 420 U.S. at 684, 95 S.Ct. at 1263.

■ In short, we conclude that the language and the purpose of Sections 30–22–22 and –24, clearly indicate that the Legislature did not intend to make knowledge of the victim's status an element of the criminal offenses of aggravated assault

upon a peace officer and battery upon a police officer. We agree with our Court of Appeals that the intent required to sustain convictions under these statutes is that of conscious wrongdoing. *See State v. Cutnose*, 87 N.M. 307, 310, 532 P.2d 896, 899 (Ct.App.), *cert. denied*, 87 N.M. 299, 532 P.2d 888 (1974) (aggravated assault on a peace officer under NMSA 1953, 2d Repl. Vol. 6 (1972), § 40A–22–21(A)(1)). UJI Crim. 22.02 and 22.10 therefore correctly state the elements of these offenses, and must be given by the district court without substantive modification or substitution.

For the foregoing reasons, the writ of superintending control is made permanent.

IT IS SO ORDERED.

RIORDAN, C.J., and FEDERICI, J., concur.

WALTERS, J., and SOSA, Senior Justice, dissent.

WALTERS, Justice (dissenting).

I categorically dissent for all the reasons of inequality and arbitrariness stated by Justice Sosa and by me in our specially concurring opinions in *State v. Compton*, 104 N.M. 683, 726 P.2d 837 (1986). *Compton* and this case have blurred beyond discernment any distinction between culpability and degree of punishment.

I have no quarrel with the legislature's provision for a more severe sentence for attacking or murdering a police officer. I have an adamant aversion to providing for a more severe sentence for commission of a crime against a specific kind of victim that, because of frequently deliberately concealed and disguised activity of undercover police officers or for any other reasons, the accused has absolutely no awareness that he is committing. Comparison is invited between this and the *Compton* cases and the pronouncements of this Court for a hundred years concerning the doctrine of sentencing according to heinousness of the crime and the depravity of the actor's mind. *See, e.g.*, the discussion in *Territory*

*v. Pridemore*, 4 N.M. (Gild.) 275, 13 P. 96 (1887).

So dies in New Mexico in February 1986 another basic and, heretofore, solemn principle of American jurisprudence. See N.M. Const. art. II, § 18.

SOSA, Senior Justice, concurs with Justice WALTERS and joins in her dissent.