811 P.2d 88

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Samuel ARCHULETA and David Herrera, Defendants–Appellees.**

**No. 12290.**

Court of Appeals of New Mexico.

March 26, 1991.

Certiorari Denied May 8, 1991.

Tom Udall, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Maria R. Costa, Marsha E. Shasteen, The Law Offices of Maria R. Costa, Albuquerque, for defendant-appellee Samuel Archuleta.

Jacquelyn Robins, Chief Public Defender, Gina Maestas, Asst. Appellate Defender, Santa Fe, for defendant-appellee David Herrera.

## OPINION

BIVINS, Judge.

The state appeals the dismissal with prejudice of indictments against defendants, who were charged with embezzlement or larceny over $250.00, both fourth degree felonies, and conspiracy to commit either of those crimes. On appeal, the state argues that the district court abused its discretion in excluding a portion of a witness's testi-

mony, and that the district court erred in dismissing all counts after determining that absent the excluded evidence, the state had no other proof as to an essential element of the crimes. We do not reach the merits of these issues. Because the district court adjudicated the innocence of defendants, double jeopardy bars retrying them, even if we were to hold there was abuse of discretion in excluding the testimony. Therefore, we dismiss the state's appeal.

The grand jury indictment charged defendants with embezzlement or larceny over $250.00 contrary to NMSA 1978, Section 30–16–8 (Cum.Supp.1990) (embezzlement); NMSA 1978, Section 30–16–1 (Cum.Supp.1990) (larceny); NMSA 1978, Section 30–1–13 (Repl.Pamp.1984) (accessory); and with conspiracy to commit either embezzlement or larceny contrary to NMSA 1978, Section 30–28–2 (Repl.Pamp. 1984) (conspiracy). A key element of the crimes of embezzlement and larceny, as fourth degree felonies, is proof that the value of the thing embezzled or stolen is over $250.00. SCRA 1986, 14–1601; –1641. Further, in order to find defendants guilty of conspiracy under Section 30–28–2, they must have combined to commit a felony. We now turn to the events which led to the dismissal of these charges.

Pursuant to SCRA 1986, 11–615, the district court ordered all witnesses excluded from the trial proceedings so they could not hear the testimony of other witnesses. The purpose of this rule is to give the adverse party an opportunity to expose inconsistencies and to prevent the possibility of one witness shaping his testimony to match that given by other witnesses. *State v. Ortiz,* 88 N.M. 370, 540 P.2d 850 (Ct.App.1975). "Although Rule 11–615 does not specifically prohibit witnesses who have testified from discussing their testimony outside the courtroom with prospective witnesses, that prohibition is apparently part of the rule in New Mexico." *State v. Reynolds,* 111 N.M. 263, 804 P.2d 1082 (Ct.App.1990).

During the presentation of the state's case, the prosecutor agreed to allow the defense to call a Mr. Thompson out of order so he could catch a plane to return to Colorado. To facilitate this arrangement, the prosecutor interviewed Mr. Thompson outside the courtroom before he testified. Defense counsel was present. Also present was Mr. Gulley, the owner of the store from which the merchandise or goods had allegedly been embezzled or stolen and the state's sole witness as to value. Mr. Gulley had not testified at this point.

Following the interview, Mr. Thompson took the stand and testified as to the wholesale prices of the several items which his firm had sold to Mr. Gulley's store. His testimony did not establish a market value of $250.00.

After Mr. Thompson was excused, the state called Mr. Gulley to testify. Defense counsel objected to Mr. Gulley testifying to retail value, since the witness had overheard Mr. Thompson's testimony regarding wholesale value. Defense counsel stated that although she had previously taken a lengthy statement from Mr. Gulley, she did not recognize him at the time of the interview.

The district court ruled that defendants were prejudiced by the prosecutor's participation in the violation of Rule 11–615, whereupon the prosecutor stated that he "might as well go home" if he could not prove retail value. The district court granted a recess so the prosecutor could consult with his superior. After the recess the prosecutor said he would establish retail value through the price tags depicted in a photograph in evidence of certain goods. The district court later excluded the price tags because they had not been disclosed to defendants. The prosecutor pointed to new evidence, including Mr. Thompson's testimony as to value, and argued that even if the court directed a verdict as the felony charges, sufficient evidence existed to proceed on charges of misdemeanor, larceny, and embezzlement, together with conspiracy. After determining the state had no other proof that the goods' value exceeded $250.00, the court concluded that the state would not be able to make a prima facie case and dismissed all counts of the indict-

ment with prejudice. The state seeks to challenge those rulings in this appeal. For the reasons which follow, we hold the state does not have a right of appeal.

■ The fifth amendment to the United States Constitution provides in part, "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." The double jeopardy clause applies to the states through the fourteenth amendment. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969). *See also* N.M. Const. art. VI, § 15; NMSA 1978, § 39–3–3(C). As provided in Section 39–3–3(C), no appeal is permitted to be "taken by the state when the double jeopardy clause of the United States constitution or the constitution of the state of New Mexico prohibits further prosecution." Generally, the state and federal constitutions prohibit subjecting an individual to trial or punishment twice for the same offense. *United States v. Wilson*, 420 U.S. 332, 339, 95 S.Ct. 1013, 1020, 43 L.Ed.2d 232 (1975); *State v. Gunzelman*, 85 N.M. 295, 296, 512 P.2d 55, 56 (1973); *see also* NMSA 1978, § 30–1–10 (Repl.Pamp.1984). Defendants have already been placed in jeopardy once, because the district court began to hear evidence in their non-jury trial. *See United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642 (1977).

■ The double jeopardy clause does not bar a second trial of a defendant in all circumstances. The most common exception is the retrial of a defendant who has obtained reversal of his conviction on appeal because of improper admission or exclusion of evidence by the trial court. *See United States v. Scott*, 437 U.S. 82, 90–92, 98 S.Ct. 2187, 2193–2194, 57 L.Ed.2d 65 (1978). Nevertheless, the core meaning of the clause requires that "[a] judgment of acquittal, whether based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict, may not be appealed and terminates the prosecution when a second trial would be necessitated by a reversal." *Id.* at 91, 98 S.Ct. at 2194.

Thus, where a dismissal amounts to a determination of a defendant's innocence, double jeopardy prohibits the state from appealing. *Cf. County of Los Alamos v. Tapia*, 109 N.M. 736, 790 P.2d 1017 (1990) (held dismissal based on admissibility of certain evidence was not decision on quantum of proof offered by county on credibility or evidence, or any other question relating to sufficiency of court's case, but was based on erroneous interpretation of statute from which state could appeal). Regardless of the propriety of the district court's evidentiary ruling, it cannot be appealed if it amounts to an adjudication of defendants' innocence. *See Sanabria v. United States*, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978) (judgment of acquittal for insufficient evidence, stemming from an erroneous evidentiary ruling, bars further prosecution on any aspect of the count and hence bars appellate review of trial court's ruling). *See also Fong Foo v. United States*, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962) (judgment of acquittal erroneously entered was final and cannot be reviewed without placing petitioners in double jeopardy); *Rutledge v. Fort*, 104 N.M. 7, 715 P.2d 455 (1986), *overruled on other grounds, Reese v. State*, 106 N.M. 498, 745 P.2d 1146 (1987) (if jury acquits defendant after receiving erroneous instruction, Double Jeopardy Clause of state and federal constitutions shield defendant from further prosecution); § 39–3–3(C).

■ From our review of the record, it appears that the sole basis for dismissing all counts and refusing to allow the state to proceed on lesser included misdemeanor charges was the district court's determination that the state had not and would not be able to present a prima facie case. Considering the evidence already before the jury that established some value, albeit less than $250.00, the court's ruling arguably was unreasonable and dismissal of the misdemeanor charges constituted an abuse of discretion. *Cf. State v. Saavedra*, 108 N.M. 38, 766 P.2d 298 (1988) (declaration of mistrial was based on manifest necessity).

Nevertheless, the state, through the district court, was the moving party in obtain-

ing the dismissal. Since the effective dismissal of the lesser included offenses was not strictly necessary, the result is analogous to a declaration of a mistrial for reasons other than manifest necessity, and defendants cannot be made to submit to another trial. Where the government is the moving party in aborting a trial, the defendant's interest carries greater weight, and the government is held to a strict standard of necessity in aborting the trial and requiring that the defendant submit to a second one. *County of Los Alamos v. Tapia*, 109 N.M. at 743, 790 P.2d at 1024.

How could this result have been avoided? The district court could have allowed the jury to consider the excluded evidence, reserved its ruling to exclude, then, assuming a judgment of guilty, the court could have suppressed the evidence and dismissed the charges, thus giving the state a right to appeal, because reversal of the dismissal in that circumstance would not have required retrial of defendants. *See United States v. Morrison*, 429 U.S. 1, 97 S.Ct. 24, 50 L.Ed.2d 1 (1976); *see also United States v. Wilson*. In the situation before us, however, because the district court adjudicated defendants' innocence, we are persuaded that principles of double jeopardy bar retrial. *See, e.g., Sanabria v. United States*.

Appeal dismissed.

IT IS SO ORDERED.

DONNELLY and MINZNER, JJ., concur.