1999-NMCA-086

984 P.2d 775

**STATE of New Mexico,**
**Plaintiff–Appellee,**

v.

**Francisco REYES–ARREOLA,**
**Defendant–Appellant.**

**No. 19,429.**

Court of Appeals of New Mexico.

May 6, 1999.

Certiorari Denied, No. 25,773,
June 18, 1999.

529

**530**

Patricia A. Madrid, Attorney General, Margaret McLean, Assistant Attorney General, Santa Fe, for Appellee.

Phyllis Subin, Chief Public Defender, Susan Roth, Assistant Appellate Defender, Santa Fe, for Appellant.

## OPINION

HARTZ, Judge.

{1} Defendant's first trial ended in a mistrial when the jury was unable to agree on a verdict. At his second trial he was convicted of distribution of a controlled substance. On appeal he contends that the district court improperly declared a mistrial at the conclusion of the first trial because there was no contemporaneous written order declaring a mistrial. He further contends that this defect was not cured when another judge entered an order nunc pro tunc four months later. He claims that his retrial was barred by (1) the Double Jeopardy Clauses of the Constitutions of the United States and New Mexico, (2) Rule 5-611(H) NMRA 1999, and (3) the six-month rule, Rule 5-604(B) NMRA 1999. We affirm.

## I. BACKGROUND

{2} Defendant was charged with distribution of a controlled substance, contrary to NMSA 1978, Section 30-31-22 (1990). On February 11, 1997, he was tried by a jury before District Judge Pro Tempore Norman Hodges. During jury deliberations the foreperson stated that the jury was deadlocked. She reported that the jurors had been polled several times and were evenly divided—six in favor of acquittal and six in favor of a guilty verdict. When Judge Hodges asked her whether the jury could reach a unanimous verdict if given a reasonable amount of time for further deliberations, she responded that further deliberations would be futile. Judge Hodges then asked the prosecutor and defense counsel whether they had any comments. Neither did. As a result, Judge Hodges stated that he was going to "call this a hung jury." He orally declared a mistrial based on the jury's inability to agree on a verdict and stated that the "case will be retried at a later date." Again, the court asked counsel if they had any comments. Neither voiced any comments or objections to the oral declaration of a mistrial.

{3} Judge Hodges never entered a written order declaring a mistrial and reserving the right to retry Defendant. No such written order was ever specifically requested by either party. Not until four months later, on June 2, 1997, did another judge, District Judge Gary Jeffreys, enter sua sponte a written Order Declaring Mistrial Upon Jury Disagreement. The order was made effective nunc pro tunc as of February 11, 1997, the date of Judge Hodges' oral ruling. The order states:

> THIS MATTER having come before the Court on the 11th day of February, 1997, for jury trial, ... and the jury, having deliberated a reasonable time and having reported to the Court that they are unable to agree upon a verdict herein, and the Court having polled the jury in accordance with [Rule] 5-611;
>
> IT IS THEREFORE ORDERED as follows:
>
> 1. A mistrial based on jury disagreement is declared as to CONTROLLED OR COUNTERFEIT SUBSTANCES; DISTRIBUTION PROHIBITED to wit: 94.5 pounds of Marijuana, as charged in the Amended Criminal Information herein;
>
> 2. The power to retry the charge upon which the mistrial is declared is reserved;
>
> 3. This order shall be effective **Nunc pro tunc** from February 11, 1997, and the State shall have six (6) months from that date to commence a new trial in this matter;
>
> 4. The jury is discharged from further consideration of this matter.

Aside from the nunc pro tunc provision in paragraph 3, the order conforms to the form of Order Declaring Mistrial Upon Jury Disagreement adopted by the New Mexico Supreme Court. *See* Rule 9–508 NMRA 1999.

{4} On July 15, 1997, Defendant filed a motion to dismiss on the grounds that his reprosecution was barred by the prohibition against double jeopardy, Rule 5–611(H), and the six-month rule. On July 17, 1997, the district court denied Defendant's motion to dismiss, certifying the order of denial for interlocutory appeal. Defendant filed his application for interlocutory appeal on July 24, 1997. This Court denied the application on August 6, 1997. Defendant was retried on January 30, 1998, and found guilty of the charged offense. This appeal followed.

## II. DISCUSSION

### A. *Standard of Review*

{5} There are no disputed material facts. Thus, we review all questions raised on appeal under a de novo standard of review. *See State v. Attaway,* 117 N.M. 141, 145, 870 P.2d 103, 107 (1994) (applying de novo review to constitutional claims); *State v. Roman,* 1998–NMCA–132, ¶ 8, 125 N.M. 688, 964 P.2d 852 ("[I]nterpretation and application of the law are subject to a de novo review."); *State v. Wilson,* 1998–NMCA–084, ¶ 8, 125 N.M. 390, 962 P.2d 636 (reviewing application of the six-month rule de novo).

### B. *Double Jeopardy*

{6} The Constitutions of the United States and the State of New Mexico each contain a double-jeopardy clause guaranteeing that no person shall be "twice put in jeopardy" for the same offense. U .S. Const. amend. V; N.M. Const. art. II, § 15. These guarantees protect an individual against successive prosecutions for the same offense after an acquittal or conviction and against multiple punishments for the same offense. *See Swafford v. State,* 112 N.M. 3, 7, 810 P.2d 1223, 1227 (1991).

"The underlying idea ... is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity.... " Multiple prosecutions also give the State an opportunity to rehearse its presentation of proof, thus increasing the risk of an erroneous conviction for one or more of the same offenses charged. *Id.* (quoting *Grady v. Corbin,* 495 U.S. 508, 518, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990)).

{7} Nevertheless, these clauses do not prohibit retrying a defendant, even over the defendant's objections, after a mistrial that was justified by "manifest necessity." *Arizona v. Washington,* 434 U.S. 497, 505–06, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978). The classic case of such necessity is a hung jury. *See id.* at 509, 98 S.Ct. 824; *cf. State v. Martinez,* 120 N.M. 677, 678, 905 P.2d 715, 716 (1995) (no double-jeopardy violation when defendant retried after hung jury). Defendant does not dispute that the jury at his first trial could not reach a verdict. Thus, the double-jeopardy issue is not whether the district court had the authority to declare a mistrial at the first trial. Rather, Defendant contends that the declaration of mistrial was procedurally defective, thereby barring a second trial.

{8} Here, the presiding judge orally declared a mistrial, but no written order was entered until the successor judge entered one four months later. Defendant argues that the constitutional prohibition against double jeopardy requires that an order declaring a mistrial be in writing and entered of record immediately after the trial court's oral ruling to ensure that "clear and unequivocal notice" is given to the defendant that he will be retried. Although a contemporaneous written order would not be necessary to advance the core purposes of the prohibition against double jeopardy, Defendant asserts that the requirement of such an order "is the only way to protect a defendant against living in a continuing state of anxiety and insecurity—not knowing whether or not he is going to be retried."

{9} We disagree. Our research has uncovered few reported decisions in point, but all reject Defendant's position. *See Swafford*

*v. State,* 161 Ga.App. 139, 291 S.E.2d 3 (1982); *People v. Harding,* 53 Mich. 481, 19 N.W. 155, 157 (1884); *Murphy v. State,* 149 Tex.Crim. 624, 198 S.W.2d 98, 99 (App.1946) (failure to enter order discharging jury, alone, does not give rise to double-jeopardy claim); *Rodgers v. State,* 93 Tex.Crim. 1, 245 S.W. 697, 699 (App.1922) ("[T]he entry of the judgment in the minutes of the court is only the evidence of the judicial ascertainment, and not the judicial ascertainment itself"); *Peterson v. State,* 586 P.2d 144, 150–51 (Wyo. 1978) (no double-jeopardy violation even though trial court failed to enter written order explaining reasons for mistrial, as required by statute, where trial transcript of dialogue between trial judge and foreperson established that jury was deadlocked), *overruled on other grounds by Crozier v. State,* 723 P.2d 42, 56 (Wyo.1986); *cf. State v. Pakulski,* 319 N.C. 562, 356 S.E.2d 319, 325 (1987) (trial court's initial failure to enter findings of fact in support of mistrial did not violate double-jeopardy clause because record clearly established jury deadlock).

{10} We agree with these authorities. Because the record in this case clearly discloses the manifest necessity for declaring a mistrial, Defendant could be retried without placing him in double jeopardy. We fail to see how the delay in entering a written order declaring a mistrial prejudiced Defendant's rights under the double-jeopardy clauses. The delay did not cast any doubt on the trial court's declaration of mistrial or reservation of the right to retry Defendant. The trial court could not change its mind about the mistrial ruling once it determined that the jury was deadlocked, orally declared a mistrial, and discharged the jury. Oral declarations of mistrial are unlike other oral decisions by the trial court, which are not binding and are subject to change until a final written order or judgment is entered. *Cf. Smith v. Love,* 101 N.M. 355, 356, 683 P.2d 37, 38 (1984) (oral ruling is only evidence of what trial court intends to do, and trial court could change its mind any time before entry of final written order or judgment); *State v. Page,* 100 N.M. 788, 793, 676 P.2d 1353, 1358 (Ct.App.1984) (same). The only period during which the trial court may have been free to revoke its mistrial decision

was the short interval between the oral ruling and the jury's discharge. *See Thomas v. United States,* 715 A.2d 121 (D.C.1998) (per curiam); *People v. Dawkins,* 82 N.Y.2d 226, 604 N.Y.S.2d 34, 624 N.E.2d 162, 164 (1993); *Rodriguez v. State,* 852 S.W.2d 516, 519–20 (Tex.Crim.App.1993) (en banc). Hence, Defendant had no reason to believe that the trial court might change its mind about the declaration of the mistrial once the jury was discharged. Although Defendant may have been uncertain whether he would be retried, that would have been the case even if the trial judge had promptly entered a written order, because the State would still have the option not to pursue the charges. (The constitutional right to a speedy trial and our six-month rule prevent the State from taking too long to make that decision.) Moreover, despite his alleged anxiety and concern about whether he would be retried, Defendant never requested a written order to clarify the matter.

{11} The two reported New Mexico opinions relied upon by Defendant can be readily distinguished. In neither *State v. Spillmon,* 89 N.M. 406, 553 P.2d 686 (1976), nor *State v. Castrillo,* 90 N.M. 608, 566 P.2d 1146 (1977), *overruled in part by State v. Wardlow,* 95 N.M. 585, 588, 624 P.2d 527, 530 (1981), did the decision turn on failure to enter a written declaration of mistrial. In *Spillmon* the defendants were charged with multiple offenses, including felony murder, aggravated burglary, and attempted robbery. The jury found the defendants guilty of attempted burglary and not guilty of burglary, but it declared that it was deadlocked on the charges of first-degree and second-degree murder. The district court did not declare a mistrial or reserve the power to retry the undecided charges, and our Supreme Court held that there was no "manifest necessity" for the discharge of the jury. *See Spillmon,* 89 N.M. at 407–08, 553 P.2d at 687–88. The holding on manifest necessity is questionable in light of the subsequent decision of the United States Supreme Court in *Arizona,* 434 U.S. at 504, 98 S.Ct. 824 (classic case of manifest necessity is inability of jury to reach a verdict). In any event, here the district

court declared a mistrial, and manifest necessity was clear.

{12} In *Castrillo* the defendant had been charged with first-degree murder and the lesser-included offenses of second-degree murder and voluntary manslaughter. When the jury announced that it had deadlocked, the district court declared a mistrial without inquiring whether the jury had reached unanimity on the greater charges. *See Castrillo*, 90 N.M. at 613, 566 P.2d at 1151. Our Supreme Court held that on an unclear record, it would dismiss the first- and second-degree murder charges, but the voluntary-manslaughter charge could be prosecuted because the jury certainly had not reached unanimity on it. *See id.* at 613–14, 566 P.2d at 1151–52. The decision to permit retrial on the voluntary-manslaughter charge supports our holding in this case, because here the jury deadlocked on the only charge presented to it.

■ {13} Defendant also notes an unreported decision by this Court that is mentioned in the Committee Commentary to Rule 5–611. The Commentary states:

In the court of appeals decision, *State v. Castrillo*, N.M. Ct.App. No. 2499, decided December 12, 1976, the court ruled that an oral pronouncement by the judge, that he is declaring a mistrial, is not a proper declaration of a mistrial, and that a formal order is essential. The court also stated that the trial judge must reserve the power to retry any portion of the case.

We acknowledge that Committee Commentary may be persuasive authority, *see State v. McCrary*, 100 N.M. 671, 673, 675 P.2d 120, 122 (1984); but the Rules Committee should not have relied on an unpublished decision. We have repeatedly cautioned against use of our unpublished decisions. *See Hennessy v. Duryea*, 1998–NMCA–036, ¶¶ 23–25, 124 N.M. 754, 955 P.2d 683; *Coslett v.. Third Street Grocery*, 117 N.M. 727, 736, 876 P.2d 656, 665 (Ct.App.1994). We do so again. Although we do not question that *Castrillo* was correctly decided, we disagree with what some of the decision's language may suggest.

{14} In short, Defendant was not subjected to double jeopardy because of the failure of the trial judge to enter a contemporaneous written order declaring a mistrial and reserving the case for retrial.

### C. Rule 5–611(H)

{15} Rule 5–611(H) of the New Mexico Rules of Criminal Procedure for the District Courts provides: "An order declaring a mistrial for jury disagreement shall be in writing and shall expressly reserve the right to retry the defendant. Orders declaring mistrial for jury disagreement shall be substantially in the form approved by the supreme court." Defendant contends that the rule requires that the order be filed promptly after discharge of the jury and that he should not have been retried because no order was entered until Judge Jeffreys' nunc pro tunc order four months later. He asserts that strict compliance with the rule is required to protect a defendant's fundamental right to be free from double jeopardy.

■ {16} We are not persuaded. Although we recognize the necessity of a written order under the plain language of Rule 5–611(H), the order need not be entered contemporaneously with the oral declaration of mistrial in order to comply with the rule. *Cf. Lane v. Lane*, 121 N.M. 414, 419, 912 P.2d 290, 295 (Ct.App.1996) (noting validity of written consent to artificial insemination long after event, where statute did not state when written consent had to be executed and where purposes of statutory writing requirement were fulfilled). Rule 5–611(H) sets no time limit for entry of the required order. The order entered by Judge Jeffreys complies with all the explicit requirements of the rule. *See* Rule 9–508 (form for order declaring mistrial). If a defendant suffered prejudice from undue delay in entry of an order under Rule 5–611(H), relief may be appropriate. But, as we explained above, we see no prejudice here.

■ {17} Defendant also challenges the use of a nunc pro tunc order to comply with Rule 5–611(H). We see nothing wrong with that procedure in the circumstances here. "A nunc pro tunc order has reference to the making of an entry now, of something which was actually previously done, so as to have it effective as of the earlier date." *Gon-*

*zales v. City of Albuquerque,* 90 N.M. 785, 786, 568 P.2d 621, 622 (Ct.App.1977). "It is not to be used to supply some omitted action of the court or counsel, but may be utilized to supply an omission in the record of something really done but omitted through mistake or inadvertence." *Mora v. Martinez,* 80 N.M. 88, 89, 451 P.2d 992, 993 (1969). Judge Jeffreys' order properly memorialized court action that had actually occurred. It served only to record accurately the trial court's declaration of mistrial on February 11, 1997, and to correct an inadvertent omission in the record. Courts in other jurisdictions have expressly recognized the validity of such orders in similar circumstances. *See, e.g., Murdock v. State,* 155 Tex.Crim. 359, 235 S.W.2d 163, 163–64 (App.1950) ("The order made by the judge in so discharging the jury may be entered at any time, if necessary by nunc pro tunc order, so as to make the court's minutes correctly reflect the court's proceedings."); *Pakulski,* 356 S.E.2d at 323 (recognizing nunc pro tunc order of mistrial with proper findings); *cf. Swafford,* 291 S.E.2d at 4 (written order declaring mistrial was effective even though it was not entered until after defendant's second trial, because order merely served to perfect record and in no way affected defendant's rights); *see also State v. Kortum,* 176 Neb. 108, 125 N.W.2d 196, 199 (1963) ("[A] court has inherent power in a criminal case to correct its records to reflect the truth, nunc pro tunc[.]").

{18} To be sure, ordinarily a successor judge should not enter findings without having heard the pertinent evidence. *See Charter Servs., Inc. v. Principal Mut. Life Ins. Co.,* 117 N.M. 82, 87, 868 P.2d 1307, 1312 (Ct.App.1994). Here, however, Judge Jeffreys was merely recording action taken by Judge Hodges on undisputed facts. *See McCown v. Quillin,* 48 Tenn.App. 162, 344 S.W.2d 576, 583 (1960) ("[I]n a proper case, a successor judge may, by nunc pro tunc judgment or decree, make the record of his Court speak the truth, even where such judgment or decree involves the action of a predecessor judge.") We hold that Judge Jeffreys had the power to enter a nunc pro tunc order declaring a mistrial. The order entered by Judge Jeffreys complied with the requirements of Rule 5–611(H). *See Peterson,* 586

P.2d at 150 (court substantially fulfilled statutory requirement that reason for discharge of jury be entered in record; "Nothing could be more convincing than the actual exchange between the trial judge and the jury. Requiring anything more would unquestionably exalt a lack of technical precision to the level of constitutional error[.]"); *cf. State v. Felton,* 330 N.C. 619, 412 S.E.2d 344, 350–51 (1992) (finding harmless error in trial court's failure to comply with statutory requirement of making findings on record regarding mistrial), *overruled on other grounds by State v. Jackson,* 348 N.C. 644, 503 S.E.2d 101, 107 (1998).

## D. Six–Month Rule

{19} Finally, Defendant argues that his trial was not commenced within the time required by the six-month rule, Rule 5–604. That rule requires that trial in district court ordinarily be commenced within six months of the defendant's arraignment. *See* Rule 5–604(B)(1). But "if a mistrial is declared or a new trial is ordered by the trial court," the date of commencement of trial may be postponed until six months after "the date such order is filed." Rule 5–604(B)(3). Defendant asserts that because a written order of mistrial was not timely entered, the six-month deadline for his second trial began to run from the date of his arraignment on August 12, 1996, and expired on February 12, 1997, the day after the trial court's oral declaration of mistrial.

{20} We disagree. The six-month rule should not be given an overly technical reading "to effect dismissals." *State v. Flores,* 99 N.M. 44, 46, 653 P.2d 875, 877 (1982). The rule clearly contemplates permitting an additional six months to try a case after declaration of a mistrial. Although it states that the six-month period commences when the "order is filed," it does not require that the order be entered contemporaneously with the discharge of the jury. Indeed, a literal reading of Rule 5–604(B)(3) would have permitted delay of Defendant's retrial until six months after Judge Jeffreys' order, had it not been entered nunc pro tunc. It appears that the chief function

of making the order nunc pro tunc was to prevent that possibility, thereby aiding Defendant.

{21} We hold that Rule 5–604 did not require Defendant's trial after the mistrial to commence within six months of his arraignment. Because Defendant raises no other argument based on the rule, we find no error in the timeliness of his trial.

## III. CONCLUSION

{22} For the above reasons, we affirm the judgment and sentence.

{23} **IT IS SO ORDERED.**

PICKARD, C.J., and ALARID, J., concur.